### WESLEY NORRIS *v.* W. C. DORSEY, ET AL.

**Liability of Constables on Bond for Failing to Return Execution.**

> Sec. 1, Art. 4, Chap. 20, Gen. Stats., permits a person injured to recover either by suit or motion against a constable and his sureties for failing to return an execution within the time prescribed by law.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

June 26, 1877.

OPINION BY JUDGE PRYOR:

We are inclined to construe the statute as authorizing a recovery either by suit or motion against the constable and his sureties on his official bond for failing to return an execution within the time prescribed by law. The action on the bond certainly embraces all the requisites of a motion, and by motion the constable and his sureties are liable on the bond for failure of the officer to return the execution.

Sec. 1, Art. 4, Chap. 20, Gen. Stats., allows any person injured by a breach of a constable's bond to prosecute an action or motion against the constable and sureties, or either of them, for any damages sustained, etc. Sec. 5 authorizes a proceeding against a constable and sureties by like motion for the amount of the execution, with ten per cent. damages for a failure to return. Like motion means like proceedings, that is, by action or motion, if the parties have the notice required, by summons or otherwise, and proper statements or allegations are made in the pleading of the plaintiff asking a recovery. It is understood, whether the proceeding is called a motion or action, the right of recovery is the issue.

The breach in this case is the failure to return the execution. The penalty or damages fixed by the statute is the amount of the execution and ten per cent. damages. Rulings have usually been made

upon the question as made by the court below, but we see no reason why the recovery may not be had under a proceeding called an action, as well as a proceeding styled a motion. This is the only question made in the case. The appellant was entitled to a judgment. Judgment *reversed* and cause remanded or further proceedings consistent with this opinion.

*L. C. Willis, for appellant.   D. M. Rodman, for appellees.*